# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20763
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-443-2

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Maria Vasquez appeals the sentence imposed following her guilty plea conviction of conspiracy to commit theft of public money. She argues that the district court improperly applied a two-level increase to her base offense level pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because her offense involved 10 or more victims. Specifically, she argues that, although she submitted upcoded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20763

bills to Medicare and Medicaid, her use of her patients' means of identification was both lawful and with authority, making her patients not victims.

We review the district court's interpretation and application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Vasquez's argument is unavailing. Any lawful authority she had to submit bills for reimbursement to Medicaid and Medicare did not include the authority to submit fraudulent claims. Because Vasquez's offense involved the unlawful use of the means of identification of 10 or more victims, the district court properly applied a two-level enhancement pursuant to § 2B1.1(b)(2)(A)(i). *See* § 2B1.1, comment. (n.4(E)). Accordingly, the judgment of the district court is AFFIRMED.